UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CEMENT MASONS' UNION LOCAL NO. 592<br>   PENSION FUND,<br>CEMENT MASONS' UNION LOCAL NO. 592<br>   WELFARE FUND,<br>CEMENT MASONS' UNION LOCAL NO. 592<br>   JOINT APPRENTICESHIP TRAINING FUND,<br>GENERAL BUILDING CONTRACTORS<br>   ASSOCIATION, INC. INDUSTRY<br>   ADVANCEMENT PROGRAM,<br>CEMENT MASONS' UNION LOCAL NO. 592<br>   POLITICAL ACTION COMMITTEE,<br>CEMENT MASONS' UNION LOCAL 592<br>   OF PHILADELPHIA, PA; and<br>BILL OUSEY, a Fiduciary<br>7821 Bartram Avenue, Suite 102<br>Philadelphia, PA 19153,<br><br>                      Plaintiffs,<br><br>   v.<br><br>LMR CONSTRUCTION GROUP, LLC<br>412 Welsh Road<br>Philadelphia, PA 19115<br><br>                      and<br><br>R&M MASONRY CONTRACTORS, INC.<br>412 Welsh Road<br>Philadelphia, PA 19115<br><br>                      Defendants. | CIVIL ACTION<br>NO. |

## COMPLAINT

Plaintiffs, by undersigned counsel, complain about Defendant as follows:

## JURISDICTION

1.     This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§ 185(a), 1132 and 1145 and 28 U.S.C. § 1367.

2. A copy of this Complaint has been served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail.

## VENUE

3. Venue lies in the Eastern District of Pennsylvania under 29 U.S.C. §§ 185(a) or 1132(e)(2).

## PARTIES

4. Plaintiff Cement Masons' Union Local No. 592 Pension Fund is a trust fund established under 29 U.S.C. § 186(c)(5). Its Trustees are the "named fiduciary," "plan administrator," and "plan sponsor" within the meaning of 29 U.S.C. §§ 1102(a), 1002(16), (21), of the Cement Masons' Union Local No. 592 Pension Plan, a multiemployer plan and pension plan within the meaning of 29 U.S.C. § 1002(37), (2). The Pension Fund, its trustees and the Pension Plan are referenced jointly or severally as the "Pension Fund" in this Complaint.

5. Plaintiff Cement Masons' Union Local No. 592 Welfare Fund is a trust fund established under 29 U.S.C. § 186(c)(5). Its Trustees are the "named fiduciary," "plan administrator," and "plan sponsor" within the meaning of 29 U.S.C. §§ 1102(a), 1002(16), (21), of the Cement Masons' Union Local No. 592 Welfare Plan, a multiemployer plan and welfare plan within the meaning of 29 U.S.C. § 1002(37), (1). The Welfare Fund, its trustees and the Plan are referenced jointly or severally as the "Welfare Fund" in this Complaint. The Welfare Fund is also known as and referenced as the "Cement Masons Local Union No. 592 Health and Welfare Fund" and "Health and Welfare Fund" in the Labor Agreement(s) relating to this Complaint.

6. Plaintiff Cement Masons' Joint Apprenticeship Training Fund of Philadelphia and Vicinity ("Apprenticeship Fund" and, together with Pension Fund and Welfare Fund, "ERISA

Funds") is a trust fund established under 29 U.S.C. § 186(c)(5). Its Trustees are the "named fiduciary," "plan administrator," and "plan sponsor" within the meaning of 29 U.S.C. §§ 1102(a), 1002(16), (21) of a multiemployer plan within the meaning of 29 U.S.C. § 1002(37), (l) of the same name. The Apprenticeship Fund is also known as and referenced as the "Plasterers and Cement Masons Joint Apprenticeship Training Funds" and "Joint Apprenticeship Training Fund" in the Labor Agreement(s) relating to this Complaint.

7. Plaintiff General Building Contractors Association Inc. Industry Advancement Program ("IAP") is a fund established by the General Building Contractors Association, Inc. for the purpose of fostering and advancing the interest of the general building construction industry in the Philadelphia metropolitan area. The IAP is also known as and referenced as the "Industry Advancement Program" in the Labor Agreement(s) relating to this Complaint.

8. Plaintiff Cement Masons' Union Local No. 592 Political Action Committee ("PAC") is an unincorporated association established pursuant to 2 U.S.C. § 431 et seq. for the purpose of advancing the political interests of the members of the Union by lawfully influencing the selection, nomination, election and/or appointment of individuals for political office.

9. Plaintiff Cement Masons' Union Local No. 592 of Philadelphia, PA ("Union") is an unincorporated association commonly referred to as a labor union and is an employee organization that represents, for purposes of collective bargaining, employees of LMR Construction Group, LLC and R&M Masonry Contractors, Inc., who are and/or were employed in an industry affecting interstate commerce within the meaning of 29 U.S.C. §§ 152(5), (6) and (7), 185(a) and 1002(4), (11) and (12). The Union is the authorized collection agent for PAC and IAP and is authorized to collect all monies due and owing to them, including field dues check-off.

10. The ERISA Funds, IAP, PAC, and Union maintain their principal place of business and are administered from offices located in the Eastern District of Pennsylvania.

11. Plaintiff Bill Ousey ("Ousey" and together with the ERISA Funds, IAP, PAC, and Union, "Plaintiffs") is a fiduciary with respect to the ERISA Funds within the meaning of 29 U.S.C. § 1002(21), Chairman of the PAC, and President and Business Manager of the Union, with a business address as listed in the caption. He is authorized to bring this action on behalf of all Trustees of the ERISA Funds, the PAC, and the Union. He is trustee ad litem for the IAP in connection with this action.

12. LMR Construction Group, LLC ("LMR Construction" or "Defendant"), is an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6) and (7), 1002(5), (11) and (12) with a business office or registered agent at the address listed in the caption.

13. R&M Masonry Contractors, Inc. ("R&M Masonry," and, together with LMR Construction, "Defendants"), is an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6) and (7), 1002(5), (11) and (12) with a business office or registered agent at the address listed in the caption.

## COMMON FACTS

14. At all times relevant to this action, each Defendant was party to or agreed to abide by the terms and conditions of a collective bargaining agreement(s) with the Union (singly or jointly, "Labor Contract"). A copy of the Labor Contract and Defendants' signature pages are attached collectively as Exhibit 1. Defendants also signed or agreed to abide by the terms of the trust agreements of the ERISA Funds, as from time to time amended (jointly referred to as "Trust Agreements"), made between certain employers and employee representatives in an industry(ies)

affecting interstate commerce to promote stable and peaceful labor relations. Ex. 1, Labor Contract, Art. VI, Section 1; Art. XI, Section 2; Art. XII, Section 2.

15. Under the Labor Contract or Trust Agreements and applicable law, Defendants are required:

(a) To make full and timely payments on a regular basis to the ERISA Funds, IAP, PAC and Union as required by the Labor Contract (Ex. 1, Labor Contract, Art. VI, Section 2; Art. XI, Sections 1, 3; Art. XII, Section 1; Art. XVII, Section 2; Art. XVII, Section 2; Art. XVIII, Section 2);

(b) To file timely remittance reports with the ERISA Funds detailing all employees or work for which contributions were required under the Labor Contract (Ex. 1, Labor Contract, Art. XIII, Sections 2-3, 7);

(c) To produce, upon request by the ERISA Funds individually or jointly, all books and records deemed necessary to conduct an audit of their records concerning their obligations to the ERISA Funds, Union, and Associations (Ex. 1, Labor Contract, Art. XIII, Section 11); and

(d) To pay liquidated damages, interest and all costs of litigation, including attorneys' fees, expended by the ERISA Funds, IAP, PAC, and Union to collect any amounts due as a consequence of the Defendants' failure to comply with its contractual obligations described in Subparagraphs (a), (b), and (c) (Ex. 1, Art. XII, Sections 5, 6).

16. On information and belief, Defendants are (were) at all relevant times affiliated business enterprises engaged in the same business with centralized control of labor relations, that use and have used identical employees, equipment and other assets in such a manner as to

constitute a single integrated business enterprise that is a single employer or alter ego for all purposes relevant to this action.

17. Based upon publicly available information and information available to the Plaintiffs, Defendants have the same owner, President, officers, business email address and business address.

18. Based upon documents provided by Defendants' employees to the ERISA Funds, including time sheets of hours worked that are covered by the Labor Contract, Defendants have failed to pay *at least* $16,617.49 in contributions to the Plaintiffs for the period December 2018 through present.

19. By letter dated October 17, 2018, from Plaintiffs' counsel, Plaintiffs sought a payroll compliance audit of Defendants' payroll books and records for the period January 1, 2015, to present. To date, Defendants have not cooperated or otherwise responded to the Plaintiffs' request to conduct a payroll compliance audit.

20. All conditions precedent to this lawsuit or the relief it seeks have been satisfied.

### COUNT I - CONTRIBUTIONS UNDER ERISA - SUM CERTAIN

**ERISA FUNDS**
**v.**
**DEFENDANTS**

21. The allegations of Paragraph 1 through 20 are incorporated by reference as if fully restated.

22. Based on information currently available to the ERISA Funds, Defendants have failed to pay amounts of at least $16,617.49 in contributions due under the Labor Contract and Trust Agreements for the period December 2018 through present in violation of 29 U.S.C. § 1145.

23.     The ERISA Funds are adversely affected and damaged by the Defendants' violation of 29 U.S.C. § 1145.

**WHEREFORE**, Plaintiffs ask that the Court:

(1)     Declare that the Defendants are alter egos of each other or constitute a single employer but that in either case they are bound to all terms and conditions of the Labor Contract and are individually, jointly, and severally liable to the ERISA Funds;

(2)     Enter judgment against Defendants in favor of the Plaintiffs, for the benefit of the ERISA Funds, for at least the sum certain amount plus any additional amounts which may become due during the pendency of this lawsuit together with late charges, interest at the rate(s) prescribed by 26 U.S.C. § 6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the ERISA Funds or statute, the cost of any audit and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment all as provided under the Trust Agreements, plan documents of the ERISA Funds, and 29 U.S.C. § 1132(g)(2); and

(3)     Grant other or further relief as may be just, necessary or appropriate.

<u>**COUNT II - CONTRIBUTIONS UNDER CONTRACT - SUM CERTAIN**</u>

**PLAINTIFFS
v.
DEFENDANTS**

24.     The allegations of Paragraphs 1 through 23 are incorporated by reference as if fully restated.

25. Defendants have not paid the ERISA Funds as required by the Labor Contract, and other documents incorporated by the Labor Contract, such as the Trust Agreements or plan documents of the ERISA Funds.

26. Based on information currently available to Plaintiffs, Defendants have failed to pay at least $16,617.49 in contributions due under the Labor Contracts, Trust Agreements and Plan for the period December 2018 through present.

27. Plaintiffs have been damaged as a proximate result of the breach of Labor Contract and/or its incorporated documents by Defendants.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Declare that the Defendants are alter egos of each other or constitute a single employer but that in either case they are bound to all terms and conditions of the Labor Contract and are individually, jointly, and severally liable to the ERISA Funds, IAP, PAC, and Union;

(2) Enter judgment against the Defendants and in favor of Plaintiffs for the sum certain currently due plus any additional amounts which become due and owing during the pendency of this litigation or as a result of an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contract and Trust Agreements.

(3) Grant other or further relief as may be just, necessary or appropriate.

## COUNT III - AUDIT

## PLAINTIFFS
## v.
## DEFENDANTS

28. The allegations of Paragraphs 1 through 27 are incorporated by reference as if fully restated.

29. Defendants are required by the Labor Contract, Trust Agreement or applicable law to permit the ERISA Funds, IAP, PAC, and Union to audit the records and to cooperate in determining the contributions due Plaintiffs.

30. The amount of contributions and work dues Defendants are required to pay to the Plaintiffs is based upon hours worked and wages paid to employees performing work covered by the Labor Contract. Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent and amount of Defendants' delinquency since the books, records and information necessary to determine this liability are in the exclusive possession, custody and control or knowledge of Defendants.

31. An audit of the Defendants' books and records for the period January 1, 2015 through present has not been completed because Defendants have refused to provide all of the necessary documents and information to the auditors as required by the Labor Contract, Trust Agreement, or applicable law.

32. The Plaintiffs have no adequate remedy at law because the calculation of any damages suffered as a result of the breach itself requires an audit.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Declare that the Defendants are alter egos of each other or constitute a single employer but that in either case they are bound to all terms and conditions of the Labor

Contract and are individually, jointly, and severally liable to the ERISA Funds, IAP, PAC, and Union;

    (2) Enjoin the Defendants, their officers, agents, servants, employees, attorneys and all others in active concert or participation with them to permit an audit of all records under their actual or constructive control for the period January 2015 to present and, in the absence of records, to cooperate in alternative methods for the determination of work for which contributions are due, and

    (3) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT IV - CONTRIBUTIONS UNDER ERISA AFTER AUDIT

**ERISA FUNDS**
**v.**
**DEFENDANTS**

33. The allegations of Paragraph 1 through 32 are incorporated by reference as if fully restated.

34. Defendants have failed to make contributions to the ERISA Funds in violation of 29 U.S.C. § 1145 in a period not barred by any applicable statute of limitations or similar bar.

35. The ERISA Funds are without sufficient information or knowledge to plead the precise nature, extent and amount of Defendants delinquency since the books, records and information necessary to determine this liability are in Defendants' possession, custody, control or knowledge.

36. The ERISA Funds have been damaged by Defendants' violation of 29 U.S.C. § 1145.

WHEREFORE, Plaintiffs ask that the Court:

(1) Declare that the Defendants are alter egos of each other or constitute a single employer but that in either case they are bound to all terms and conditions of the Labor Contract and are individually, jointly, and severally liable to the ERISA Funds;

(2) After an audit, enter judgment against Defendants in favor of the ERISA Funds individually for the contributions found due and owing by the audit, together with interest at the rate prescribed by 26 U.S.C. § 6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the plan document or statute and reasonable attorneys' fees and costs incurred in this action and in connection with any proceeding to enforce or collect any judgment.

(3) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT V - CONTRIBUTIONS UNDER CONTRACT AFTER AUDIT

### PLAINTIFFS
### v.
### DEFENDANTS

37. The allegations of Paragraphs 1 through 36 are incorporated by reference as if fully restated.

38. Defendants have failed to make contributions to the Plaintiffs as required by the Labor Contract or Trust Agreements in a period not barred by any applicable statute of limitations or similar bar.

39. The Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent and amount of Defendants' delinquency since the books, records and information necessary to determine this liability are in Defendants' possession, custody, control or knowledge.

40. The Plaintiffs have been damaged by Defendants' failure to make contributions as required by the Labor Contract or Trust Agreements.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Declare that the Defendants are alter egos of each other or constitute a single employer but that in either case they are bound to all terms and conditions of the Labor Contract and are individually, jointly, and severally liable to the ERISA Funds, IAP, PAC, and Union;

(2) After an audit, enter judgment against the Defendants in favor of the Plaintiffs individually for the amount of contributions found due and owing by an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection and enforcement of any judgment, as provided in the Labor Contract or Trust Agreements; and

(3) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

>Respectfully submitted,
>
>JENNINGS SIGMOND, P.C.
>
>BY: _____
>MAUREEN W. MARRA (ID No. 309865)
>1835 Market Street, Suite 2800
>Philadelphia, PA 19103
>(215) 351-0674
>Fax: (215) 922-3524
>mmarra@jslex.com / usdc-edpa-erisa@jslex.com

Date:  July 22, 2019                    Attorney for Plaintiffs